# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAUREN HODGE and <br> DELORES MCDANIEL, <br><br> Plaintiffs, <br><br> v. <br><br> STAN KOCH & SONS <br> TRUCKING, INC. and <br> NICK BRESHEARS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-13-071-KEW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant Stan Koch & Sons Trucking, Inc.'s Motion for Summary Judgment (Docket Entry #37). On February 7, 2011, Plaintiffs were involved in a traffic accident with Defendant Breshears in a tractor trailer owned and operated by Defendant Stan Koch & Sons Trucking, Inc. ("Stan Koch"). In their Petition removed to this Court on February 14, 2013, Plaintiffs allege the accident was as a result of Defendant Breshears' negligence. Plaintiffs also brought claims for negligence and negligence *per se* against Defendant Stan Koch for (1) failing to properly screen, test, and qualify drivers, including Defendant Breshears; (2) negligent hiring, employing, and retention of unqualified drivers; (3) filing to properly train and supervise drivers; and (4) failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate motor vehicles. Plaintiffs expressly state in their Petition that

their claims against Defendant Stan Koch are based upon vicarious liability for Defendant Breshears' actions.

In its answer to the Petition, Defendant Stan Koch admitted that Defendant Breshears was acting within the course and scope of his employment at the time of the accident. In so doing, Defendant Stan Koch stipulated to the potential *respondeat superior* liability for Defendant Breshears' conduct while in its employ.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144,

157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the material facts set forth above, this Court finds no significant dispute. In their response to the summary judgment request, Plaintiffs "reluctantly" concedes that Oklahoma law does not permit additional negligence claims when vicarious liability is admitted by the employer.

By virtue of the pending Motion, Defendant Stan Koch contends the Oklahoma Supreme Court has not permitted claims for negligent hiring, supervision, and retention to proceed to trial in the circumstance where an employer has admitted vicarious liability. In support of this proposition, Defendant cites to the seminal case of Jordan v. Cates, 935 P.2d 289 (Okla. 1997). In Jordan, an individual who went to a convenience store to pay off a returned check. Id. at 291. During the course of an alleged altercation with an employee of the store, the individual contended the employee assaulted and battered him. Id. He brought suit against the convenience store, as the employer of the offending employee, under the theory of *respondeat superior* liability for the negligent

3

hiring and retention of the employee. Id.

Recognizing the required elements to confer *respondeat superior* liability, the employer stipulated that the altercation occurred while its employee was acting within the course and scope of his employment and that it would be liable for any damages awarded by a jury. Id. at 292. As a result, the trial court granted the employer summary judgment, dismissing the claims of negligent hiring and retention, in light of the employer's admission that it's employee was acting within the scope of his employment during the altercation. Id.

The Oklahoma Supreme Court reviewed the controlling prior case authority and concluded

> that the theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. *In the case at bar, vicarious liability has been established through stipulation.*
> \* \* \*
> Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

Id. at 293 (emphasis in original).

The same court recognized this legal limitation in the later case of N.H., a minor v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999)("In Oklahoma, the theory of recovery

4

[employer negligence] is available if vicarious liability is not established.") The defendant church did not admit vicarious liability in that case, however, causing the court to also consider whether the defendant church was put on sufficient notice of the propensity for its employee to molest so as to confer liability upon the church. The law appears clearly established in Oklahoma that once an employer, such as Defendant Stan Koch in this case, has admitted vicarious liability for its employee's actions, no further theory of negligence associated with the particular incident may be maintained against the employer.

After conceding the holding in Jordan, Plaintiffs contend in a section of their responsive brief entitled "Plaintiffs' Public Policy Point" that Defendant Stan Koch maintains a corporate policy which allegedly demonstrates a "willful and deliberate refusal ... to review the preventability of collisions that could minimize the risk of repeat occurrences." This argument does not alter the Jordan rationale. Such claims remain barred by the admission of vicarious liability by Defendant Stan Koch.

IT IS THEREFORE ORDERED that Defendant Stan Koch & Sons Trucking, Inc.'s Motion for Summary Judgment (Docket Entry #37) is hereby **GRANTED**. As a result, Plaintiffs' claims for negligence and negligence *per se* associated with the hiring, training, supervision, retention, and policies and procedures established by

5

Defendant Stan Koch are hereby **DISMISSED**.

IT IS SO ORDERED this 20th day of January, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE