**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LAUREN HODGE and )
DELORES MCDANIEL, )
                                   )
        Plaintiffs,    )
                                   )
v.                                )     Case No. CIV-13-071-KEW
                                   )
STAN KOCH & SONS )
TRUCKING, INC. and )
NICK BRESHEARS, )
                                   )
        Defendants.    )

**OPINION AND ORDER**

This matter comes before the Court on Defendants' First and Second Motions in Limine (Docket Entry Nos. 45 and 46, respectively). In their first motion, Defendants seek to exclude a litany of evidence from trial based primarily upon the ruling in Jordan v. Cates, 935 P.2d 289 (Okla. 1997). Specifically, Defendants request the exclusion of the following:

    1. Nick Breshears' driver's license, driving certifications and DAT records relating to Breshears' driving record.

    2. Entire contents of Nick Breshears' employment file and driver qualification file, including but not limited to the termination notice, violation and review records.

    3. Hiring guidelines, recordkeeping procedures and standards required of drivers.

    4. Discussion of all federal and/or state safety or driving regulations including but not limited to, the Federal Motor Carrier Safety Regulations, the Driver's Guide to Hazardous Materials, and the Code of Federal Regulations.

    5. Hand-outs, sign-in sheets, instruction materials, company policy or guidelines, testing material, or test

results for KOCH's driver training and/or driver safety meetings.

6. Annual summaries or reviews of motor vehicle violations.

7. Methods for driver training, including specific references to Nick Breshears' training as a KOCH employee.

8. Discussion of any KOCH driver handbook.

9. Nick Breshears' employment file from previous employers including but not limited to employment applications, evaluations and disciplinary documentation.

10. Whether Nick Breshears was disciplined as a result of the subject accident.

As this Court ruled in the Opinion and Order related to Defendant's Motion for Summary Judgment, the Jordan case precludes any claim against an employer who admits vicarious liability for its employees' actions while acting within the course and scope of their employment. The evidence enumerated above is only relevant to the issue of Defendant Stan Koch & Sons Trucking, Inc.'s culpability on claims of negligent hiring, retention, training, and supervision, all of which have now been dismissed. As a result, the evidence will be excluded from trial. Should any of this evidence be made relevant by the development of other evidence at trial, Plaintiffs may request that the admissibility of specific evidence be revisited.

In the second Motion, Defendants seek to exclude evidence of other accidents involving Defendants from the trial of this case. Plaintiffs state that they will seek to introduce evidence of

another allegedly similar accident involving one of Defendant Stan Koch's drivers. Considering the nature of the claims remaining in this action after summary judgment, this Court is somewhat unsure as to whether this proposed evidence is relevant to the case which will be tried. Evidence of prior similar incidents is general irrelevant to prove negligence in the current case. *See* <u>Barks v. Young</u>, 564 P.2d 228, 230 (Okla. 1977). Nevertheless, presuming Plaintiffs can pass the relevance threshold for admission, for such evidence to be admissible at trial, Plaintiffs must demonstrate that the incident was "indicative of the dangerous condition of the locus and of the defendants' knowledge thereof, [and] must show that they happened at the same place, while it was in the same condition, under circumstances of a similar nature to those of the accident in litigation. <u>Perry v. City of Okla. City</u>, 470 P.2d 974, 980 (Okla. 1970) citing <u>St. Louis San Francisco Ry Co. v. Powell, Okla.</u>, 385 P.2d 465 (Okla. 1963). Based on the information provided, this Court cannot ascertain whether the incident identified by Plaintiffs meets this criteria. Before such evidence is introduced to the jury at trial, Plaintiffs will be required to show the incident is relevant to the claims or defenses in this action and meets the criteria for admissibility identified in <u>Perry</u>.

IT IS THEREFORE ORDERED that Defendants' First and Second Motions in Limine (Docket Entry Nos. 45 and 46) are hereby **GRANTED**.

However, evidence of other similar incidents will be revisited upon Plaintiffs' urging.

IT IS SO ORDERED this 9th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE