# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAUREN HODGE and DELORES MCDANIEL, )<br><br>Plaintiffs, )<br><br>v. )<br><br>STAN KOCH & SONS TRUCKING, INC. and NICK BRESHEARS, )<br><br>Defendants. ) | Case No. CIV-13-071-KEW |

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion im Limine (Docket Entry #47). Plaintiffs seek to exclude or preclude the introduction into evidence at trial of several specific items of evidence. Plaintiffs first request that evidence of collateral source payments be excluded from evidence. These sources include:

1. Benefits under a private group insurance policy.

2. Benefits under insurance policies generally.

3. Benefits from state or federal governmental programs including social security, Veteran's Administration benefits, tax exemptions, military medical benefits, public assistance/welfare, Medicare, or Medicaid.

4. Services furnished without charge.

5. The fact of any suit or the settlement or amount of settlement therein related to any third party claims arising out of the incident made the basis of this lawsuit.

6. Compensation for time not actually worked.

7. Benefits from pensions or retirement plans.

8. Benefits from charitable organizations.

Defendants assert that the Social Security disability records may be used to challenge Plaintiff Delores McDaniel's claimed symptoms, injury complaints, and level of activity. Additionally, because Oklahoma law now only allows a plaintiff to recover the amount actually paid for services and not the billed amounts, Defendants anticipate that it may be necessary to refer to the billing records contained in the insurance, Medicare, and Medicaid files in order to establish the amount paid.

Generally, collateral source payments are not admissible at trial. Rucker v. Mid Century Ins. Co., 945 P.2d 507, 510 (Okla. Civ. App. 1997). Defendants will not be permitted to introduce evidence of these payments unless Plaintiffs open the door by claiming that an amount was paid in excess of that which was actually paid. Okla. Stat. tit. 12 § 3009.1. The Court will, therefore, reserve ruling on this issue until it becomes relevant at trial. However, before introducing any such evidence, Defendants will inform the Court of their intention to do so out of the presence of the jury. Additionally, should Plaintiff McDaniel claim injuries which deviate without justification from those claimed during her Social Security disability proceedings, the Court will entertain a request from Defendants to use the records for impeachment purposes.

Plaintiffs also seek to exclude evidence of taxation on any recovery and statements concerning a resulting increase in

insurance premiums or taxes. Defendants do not oppose this request.

Plaintiffs also request that evidence of injuries sustained by occupants of other vehicles be excluded. Since Defendant Breshears is the only known "occupants of other vehicles", it is presumed Plaintiffs seek to exclude any evidence of injury to him. This Court could perceive of some relevance of injuries sustained by Defendant Breshears in evaluating the speed and severity of the impact. This Court will reserve ruling on this issue until more specifics are developed at trial.

Plaintiffs seek to exclude reference to motions or rulings. Defendants do not make mention of this request in their response and, therefore, it is admitted.

Plaintiffs request that testimony concerning the credibility of any witness be excluded as prejudicial and irrelevant. This Court is unsure as to the specific testimony Plaintiffs seek to exclude. As a result, this Court reserves ruling on this area until more specific instances of such testimony is revealed at trial.

References to the probable testimony of a witness who is absent, unavailable, or not called to testify is also identified for exclusion by Plaintiffs. Such references are irrelevant and potentially unduly prejudicial and will excluded.

Defendants do not oppose Plaintiffs' request to exclude

matters touching upon work product or privileged communications as well as the failure to call a witness. Therefore, these references will be excluded.

Plaintiffs also refer to the exclusion of references to "special issues." This Court cannot rule upon this issue as it is at a loss as to the subject matter of the request.

Plaintiffs seek to limit any expert testimony to those areas identified in the disclosure of the experts to which this Court agrees. This Court does not agree, however, that an expert will be required to provide the underlying facts or date for their opinion at trial before rendering that opinion. Typically, the opinion is rendered and then subject to challenge by exploring the underlying basis for the opinion through examination and cross examination.

Plaintiffs assert Defendants cannot challenge the reasonableness of medical expenses without an expert witness. Defendants can certainly question the reasonableness of the expenses incurred without an expert since Plaintiffs bear the burden of demonstrating that the expenses incurred are reasonable and necessary.

This Court also declines to require Plaintiffs to have an expert witness at trial to testify as to causation in this negligence action. The jury may evaluate the facts and circumstances that occurred and determine fault and causation.

Defendants do not intend to reference the "clogged court

systems" in their offering to the jury.  Plaintiffs request to exclude the same will be granted.

Plaintiffs seek to exclude collateral source payments.  This Court has previously ruled upon such evidence in this Order.

Plaintiffs request that evidence that they have been involved in prior accidents or had prior hospitalizations or injuries be excluded.  Defendants contend they are entitled to question the experts and fact witnesses concerning such injuries.  Before doing so, Plaintiffs must demonstrate that any previous conditions or accidents have relevance to the facts and claims in this case.  For instance, if on Plaintiff previously suffered an arm injury and her arm was not involved in this accident, reference generally to the fact that she was previously injured would have no relevance to this action.  This Court will reserve ruling on this issue until the specifics are developed at trial.

Finally, Plaintiffs seek to exclude evidence of the property damage to Defendants' vehicle involved in the accident. Generally, such evidence is irrelevant.  However, as Defendants state, the use of photographs of the vehicles' conditions after the accident is not prohibited by this ruling.

Issues XXI and XXII identified in the Motion are partially duplicative of issues XV and XVI, respectively. Defendants will be permitted to explore the issues of the reasonableness of the medical expenses incurred and the cause of the accident at trial.

IT IS THEREFORE ORDERED that Plaintiffs' Motion im Limine (Docket Entry #47) are hereby **GRANTED**, in part, and **DENIED**, in part, as more fully explained herein.

IT IS SO ORDERED this 9th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE